# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 11-60781-fra12 |
| DEVON ELLICE BENBROOK, | |
| Debtor(s). | MEMORANDUM OPINION |

## FACTS

Debtor filed her chapter 12 plan on June 8, 2011. It provided, among other things, that a secured claim in the amount of $544,730 owed to William Ganong would be paid monthly payments of $2,697.74, with interest accruing at 4.25%, until the real property securing the claim was sold or refinanced. The proceeds of the sale or refinance would be used to pay all creditors in full.

There were objections to the Plan by the Trustee and Mr. Ganong which were reported as being resolved at the confirmation hearing. An order confirming plan was eventually entered on August 31, 2011 which amended the Plan to provide that the monthly payments to Mr. Ganong would be interest only in the amount of $2,723.65, with interest computed at 6% per annum. The Debtor would be allowed to market the property for 36 months; in the event Debtor was unsuccessful in so marketing the property, the Trustee would have the right to market the property over the remaining 24 months of the term of the Plan.

On November 12, 2014, the Debtor filed a Notice of Intent to sell the real property to her brother for $500,000, who in turn would lease the property back to the Debtor for $2,700 per month. On November 18,

// // //

MEMORANDUM OPINION - 1

Debtor filed an objection to Mr. Ganong's claim which was filed in the amount of $544,730.90, arguing that the claim was incorrectly computed and should in fact be $509,377.93.

Mr. Ganong filed an objection to the Notice of Intent to sell the real property:

1. The amount of his claim and the value securing the collateral was set at $544,730 by the confirmed plan.

2. Sale of the property at $500,000 is insufficient to pay Mr. Ganong's claim in full, much less "all creditors in full," as required by the confirmed plan.

3. Because more than 36 months had elapsed since Plan confirmation, authority to market the property had already passed to the Trustee under the confirmed plan.

Mr. Ganong also filed a response to Debtor's objection to claim, which will be discussed more fully below.

The Trustee objected to the proposed sale on the basis that the proceeds would be insufficient to pay all claims in full. A hearing was held on the Notice of Intent to Sell and on the objection to claim of Mr. Ganong, with the Court taking the matter under advisement and attorneys for the Debtor and Mr. Ganong allowed to file post-hearing memoranda.

## DISCUSSION

A. Effect of Plan Confirmation - 11 U.S.C. § 1227[1]:

> (a) Except as provided in section 1228(a) of this title, the provisions of a confirmed plan bind the debtor, each creditor, each equity security holder, and each general partner of the debtor, whether or not the claim of such creditor, such equity security holder, or such general partner in the debtor is provided for by the plan, and whether or not such creditor, such equity security holder, or such general partner in the debtor has objected to, has accepted, or has rejected the plan.
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
> (c) Except as provided in section 1228(a) of this title and except as otherwise provided for in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

---

[1] All statutory references herein, unless otherwise specified, are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

MEMORANDUM OPINION - 2

With regard to confirmation in chapter 13, in which § 1327 is identical to § 1227 in all substantive respects, it has been established that principles of res judicata and finality as codified in that provision can make even "illegal" provisions of a confirmed chapter 13 plan binding. *In re Brawders*, 325 B.R. 405, 410 (9th Cir. BAP 2005), *aff'd* 503 F.3d 856 (9th Cir. 2007).

B. Equitable Time Limits for Objection to Claim:

A proof of claim is deemed allowed unless a party in interest objects to it. Section 502(a). Mr. Ganong states that in the plan confirmation process, he and the Debtor resolved his objections to confirmation by agreeing to certain things, including interest-only payments during the term of the Plan computed at 6% and a claim in the amount of $544,730. The parties also agreed to allow the Debtor 36 months to sell or refinance the real property to pay Mr. Ganong's claim and all other claims in full. Confirmation of the Debtor's Chapter 12 Plan, he argues, binds the Debtor and all creditors to the terms of the Plan under § 1227(a), regardless of the later filed objection to claim. The Debtor responds that there is no deadline to file a proof of claim in the Bankruptcy Code or Rules and the final allowed claim controls over the Plan.

Fed.R.Bankr.P. 3007 does not contain a deadline for filing an objection to claim, and such an objection may be filed at any time; in the Ninth Circuit, there has been no case law prohibiting post-confirmation claim objections. *Shook v. CBIC (In re Shook)*, 278 B.R. 815, 828 (9th Cir. BAP 2002). "Generally, when an action is not subject to a statute of limitations, the equitable doctrine of laches may alternatively limit the time within which the action must be brought." *Shook* at 829. To succeed in a claim of laches, Mr. Ganong must present evidence of "an inexcusable delay in the exercise of a known right, and that he was thereby prejudiced." *Id.* at 830. The Ninth Circuit "has observed that '[t]he bare fact of delay creates a rebuttable presumption of prejudice'." *Id.* at 830 (internal citation omitted).

Mr. Ganong's proof of claim was filed on March 21, 2011. It specifically provided each element of the claim and how it was calculated. Debtor's Chapter 12 Plan, filed several months after the filing of the proof of claim, listed Mr. Ganong's claim in ¶ 2(b) in the column for "Estimated Total Debt if Paying in Full" at the amount claimed in the proof of claim. Paragraph 2 provides that while the estimated pre-petition

MEMORANDUM OPINION - 3

debt must be provided in the Plan, "[t]he arrearages and total amount of debt shown in a timely filed and allowed secured claim shall control." This is evidence, according to Debtor, that the Plan contemplates a post-confirmation objection whenever filed and that the end result of the claims objection process has priority over an order confirming plan. What that provision contemplates, however, is a timely filed proof of claim filed <u>after</u> the filing of the plan. In that case, the proof of claim controls, unless successfully objected to.

Mr. Ganong's claim was deemed allowed when filed and passed through the confirmation process unchallenged by the Debtor. In settling objections to the Plan, Debtor agreed to the amount of the claim and interest payments based on that amount. Debtor listed the claim in her Schedule D in an amount greater than that claimed by Mr. Ganong, but did not list it as disputed. Debtor had every opportunity to object to the claim during the confirmation process, but chose not to do so. More than three years later, Debtor filed her objection to the claim, arguing that interest, late fees, and statutory trustee fees were incorrectly calculated.

There has been sufficient evidence presented of an inexcusable delay of the Debtor's known right to object to the claim in a more timely manner. Debtor had notice of the amount of the claim prior to the filing of her Chapter 12 Plan and could have objected at that time, but for whatever reason chose not to. No explanation has been given by Debtor as to why more than three years passed before an objection was filed. As stated earlier, prejudice is presumed by the delay. However, Mr. Ganong was prejudiced in that his willingness to settle his objections to confirmation were predicated on the terms agreed to between Debtor and himself. Debtor waited too long to object to the claim. The preclusive effect and finality of the order confirming plan may not be undermined in these circumstances.

C. Proposed Sale of Real Property:

Debtor's confirmed plan provides that she could market her real property for 36 months in order to produce funds to pay all of her creditors in full. The proposed sale to Debtor's brother for $500,000 does not provide sufficient proceeds to pay Mr. Ganong's secured claim of $544,730, much less the claims of her other creditors, and cannot be approved. Authority to market the property has now passed to the Trustee.

// // //

// // //

MEMORANDUM OPINION - 4

CONCLUSION

For the reasons given, the Debtor's objection to claim #3 of William Ganong will be denied.  An order consistent with this Memorandum Opinion will be entered by the Court.

FRANK R. ALLEY, III
Chief Bankruptcy Judge